## SUPREME JUDICIAL COURT

IN THE COUNTY OF

# LINCOLN.

### SEPTEMBER TERM,

### 1823.

**KAVANAGH & AL. PLAINTIFFS IN REVIEW v. ASKINS, ORIGINAL PLAINTIFF.**

If the plaintiff in review succeeds in correcting an error in the former verdict against him when he was original defendant, he is entitled to a judgment for the costs of the review, as the party prevailing, under *Stat.* 1821. *ch.* 59. *sec.* 17. though the accumulation of *interest* may have rendered the last verdict *larger* than the first.

In this action, which was *assumpsit* for money had and received, a verdict was returned at *September* term 1820, in favour of *Askins* for $2463,23. The defendants then filed a motion for a new trial at common law, under which the cause was continued till *May* term 1822, when the motion was overruled, and interest being added to the verdict up to that term, judgment was then rendered for the original plaintiff for $2709,55, being the amount of the verdict and interest. At that term the defendants preferred a petition for review, which being granted, the cause was again tried upon the review, and a verdict was returned for the original plaintiff at *September* term 1823, for $2557,42. Hereupon each party moved for costs of the review, as the *party prevailing*, under *Stat.* 1821. *ch.* 59. *sec.* 17.

*Orr* and *Allen*, for the original plaintiff, argued that the addition of interest to the former judgment being the act of the Clerk, probably on the authority of *Vail v. Nickerson*, 6 *Mass.* 262, and without any special order of the Court, it ought not

Kavanagh & al. *v.* Askins.

to be permitted to work injustice. It was in the nature of a penalty on the defendants for unreasonably delaying the plaintiff of his judgment; and therefore could not fairly be computed in the present inquiry, which is properly only a comparison of verdicts. The rule of adding interest was never intended to do injury to the party in whose favour it was made. It is something superadded to the verdict, for the purposes of justice. The only subject of contest between the parties is, the amount of the verdict,—not the interest upon it;—and in this contest the plaintiff is the party prevailing, the latter verdict being larger than the former.

But independent of general principles, this question is considered as settled by *Stat.* 1813. *ch.* 172. *sec.* 2. in which it is enacted that " in all cases of review which may hereafter be " prosecuted, the party *in whose favour judgment may be rendered* " shall be entitled to single or double costs, as the Court before " which such review may be had shall adjudge." This statute, though enacted before the separation of this State from *Massachusetts*, is yet in full force here,—because it is not expressly repealed, and because no other statute has been passed expressly regulating costs in review.

*R. Williams* and *Greenleaf,* for the plaintiffs in review. The object of this review being to correct an error in the former *judgment,* and that judgment being found erroneous and reversible in part, the plaintiffs in review are the prevailing party within the meaning of the statute. *Billerica v. Carlisle,* 2 *Mass.* 158. *Lincoln v. Goulding,* 3 *Mass.* 234. The *judgment,* and not the *verdict,* is the thing complained of,—as is manifest from an inspection of the writ of review. If this was erroneous, the plaintiff might have released the excess, and retained the residue ;—but having chosen to take his judgment for the amount of the former verdict and interest, it is not for him now to protect himself by saying it was a mistake. If the execution had not been stayed, he would have enforced the payment of the whole sum ; and it is only through the judgment that any error in the verdict can be corrected. It is also observable that this judgment was entered up at the same term at which the petition for a review was preferred ; and the plaintiff was therefore well forewarned not to take a judgment liable to reversal.

Kavanagh & al. *v.* Askins.

But if the judgment is to be disregarded, still it is evident, from a comparison of the two verdicts, that the plaintiffs in review are the prevailing party. The jury were instructed in both cases to compute interest from the date of the writ, on whatever sum they might find to be due. Under this direction they returned a verdict at *September* term 1820, for $2308, and interest from the date of the writ, which was *August* 1819, amounting in the whole to $2463,23 ;—and again at *September* term 1823, for $2050 and interest from the same date, amounting in the whole to $2557,42. The capital sum being the only subject of dispute, and this sum being found by the last jury to be less by $258 than was estimated by the first, the plaintiffs in review have succeeded in correcting an error to that amount against themselves, and so are the prevailing party in this action.

The argument from *Stat.* 1813. *ch.* 172. is unsound, that statute being not now in force in this State. Though not repealed in express terms, it is so by implication ; the whole subject of costs in general, and of reviews, having been revised by our own legislature.

The arguments of the counsel, of which the foregoing is a brief abstract, having been submitted in writing to WESTON J. before whom the cause was tried, and by him communicated to the other *Judges*, the *Court*, after deliberation, ordered the Clerk to enter judgment for the plaintiffs in review for their costs of the review, as the " party prevailing."